CHARLES BALLANCE, plaintiff in error, *v.* ALFRED G. CUR-
TENIUS *et al.* defendants in error.

### *Error to Peoria.*

In order to give a justice of the peace jurisdiction of an action of forcible entry
and detainer, the complaint should contain sufficient allegations to bring it
within one of the several cases anticipated by the statute.

The refusal of the Circuit Court to permit a complaint in an action of forcible
entry and detainer to be amended on motion, even if the Court could grant
leave to amend, cannot be assigned for error. At most, it is a matter of dis-
cretion, like the amendment of a declaration or other pleading.

FORCIBLE ENTRY AND DETAINER, in the Peoria Circuit
Court, originally commenced before a justice of the peace
in that county by the plaintiff in error against the defend-
ants in error. The cause came on to be heard before the
Hon. Gustavus P. Koerner, at the May term 1846, when
the complaint was dismissed for want of jurisdiction in the
justice of the peace.

The defects in the complaint are pointed out by the Court
in the Opinion.

*C. Ballance, pro se,* referred to the following authorities:
*Brubaker* v. *Poage,* 1 Monroe, 128; *Bromfield* v. *Reynolds,*
4 Bibb, 388; *Smith* v. *Dedman,* Ib. 426; *Chiles* v. *Stephens,*
3 A. K. Marsh. 347; 1 J. J. Marsh. 44; *The People* v.
*Leonard,* 11 Johns. 509; *The People* v. *Runkle,* 9 do. 147;
1 Pirtle's Dig. 456, 452; 8 Cowen, 226; *The People* v. *God-
frey,* 1 Hall's Sup. Ct. R. 240; *The People, &c.* v. *Anthony,*
4 Johns. 198; 3 Dana, 67; *Smith* v. *White,* 5 do. 381;
*Moore* v. *Read,* 1 Blackf. 177; 14 Vesey, 136.

*E. N. Powell,* for the defendants in error.

1. The proceedings under the statute for forcible entry and
detainer being summary and contrary to the course of the
common law, must strictly conform to the statute. The com-
plaint is the foundation of the action, and must show suffi-
cient on its face to give the justice jurisdiction, or the whole
proceedings will be void. *Wells* v. *Hogan,* Bre. 264.

Ballance *v.* Curtenius *et al.*

2. The scope and design of our Act for forcible entry and detainer is the same with those of England. Where forcible entry and detainer by indictment will lie by the English statutes, a civil action will lie by our Act. *Mason* v. *Finch*, 1 Scam. 495.

Therefore a forcible entry must be with *strong hand*, with *unusual weapons*, with multitude of people or menace of life or limb. Such force as is implied in every trespass is not sufficient. 1 Rus. on Crimes, 287; 8 Cowen, 232; 5 Carr. & Payne, 201.

Our statute is more comprehensive than the English, and provides for three cases: *First*, for a wrongful or illegal entry as contradistinguished from a forcible or violent one; *secondly*, a forcible entry by means of actual force or violence; and *thirdly*, a wrongful holding over of the tenant. Rev. Stat. 256, § 1; 1 Scam. 409.

Therefore, the complaint must state clearly and specifically under which clause of the statute the complaint is made. This it does not do. If under the first, it should so state; if under the second or third, it should equally be specific. *But the defendants are charged with forcibly holding* possession. Our Act only provides for a case of a tenant who holds over, and there is nothing in the complaint to show such relation. A person has a right to defend his possession with force; *non constat*, but the defendants were rightfully defending their lawful possession. 3 Bac. Abr. 253.

If the complaint is made under the second clause in the statute, it must then show a forcible entry by actual violence. 1 Scam. 409. But the charge is for forcibly holding possession. This the defendants had a right to do for anything shown in the complaint. It may have been a wrongful or illegal entry or a forcible one by Armstrong, as between him and the plaintiff, and from anything in the complaint the defendants may have entered peacefully and of right.

3. The complaint does not show that the plaintiff was in the actual possession of the house. Now does it show such force as will constitute a forcible entry? Opening the

Ballance v. Curtenius et al.

door with a key, entering by an open window, enticing the owner out and afterwards shutting the door on him, without other force, are not forcible entries. 10 Mass. 409; 3 Bac. Abr. 252; 1 Rus. on Crimes, 288.

4. The complaint charges that Armstrong "unlawfully and forcibly, by means of a false key, and forcibly removing certain props and bars, &c., and where entry was not given him by law, made entry, &c., into a certain house then and there belonging to him, the said complainant." Now this might be sufficient as between Armstrong and complainant. But the complaint does not allege or show by any fair inference, that the defendants did not make entry or take possession where entry was given them by law. Under the first section of the Act of forcible entry and detainer, it is provided that "if any person shall make any entry into any lands, tenements or possessions, except in cases where entry is given by law," &c. Now it is necessary to state in the complaint that defendants entered when entry was not given by law. There is no such allegation. It is not sufficient to say that Armstrong entered, for it might well be that he did, and that the defendants entered rightfully, as purchasers under a *fi. fa.* may enter and take possession, if the premises purchased be vacant. 1 Johns. 43; 13 do. 344; 3 T. R. 296.

At Common Law, the legal owner of land might enter and take possession with force, being only answerable for the breach of the peace. It was to remedy this that the statutes in England were passed. He may still enter, if he can do so without breach of the peace. And this statute being in derogation of the Common Law, every show of a legal entry by the defendants must be negatived by the complaint.

5. He who barely agrees to a forcible entry made to his use without his knowledge or privity, is not within the statute, because he did not concur in or promote the force. 3 Bac. Abr. 253; Roscoe, 378-9. Now, apply this principle of the law to this case. We may look in vain for any allegation in the complaint to charge the defendant with any knowledge of Armstrong's taking possession, or that Armstrong ever took possession for them. The bare fact charged, that

Armstrong, after he had forcibly acquired the possession, sometime afterwards transferred the possession to the defendants, is not sufficient to make them liable for the illegal act of Armstrong. And for aught that appears, they may have entered when entry was given by law. The defendants not being charged as parties or privies to the force used by Armstrong, cannot be made liable for his acts by receiving the possession of their own property. And the defendants having obtained the peaceable possession, they have a right to defend that possession by force, and are not liable for an action of forcible entry, or forcible detainer, if they do so. 3 Bac. Abr. 253. There is no allegation in the complaint that the defendants, at the time they took possession, had not a right of entry by law.

6. The description of the property in the complaint is not sufficient. It does not with convenient certainty describe the property so as to enable the defendants to know the special charge they are required to answer, or to enable the justice and sheriff to give the plaintiff possession. It does not say in what town or county the lot and house is situated. The description is wholly insufficient. 3 Bac. Abr. 255.

7. The complaint does not show that the plaintiff had any right to the possession at the time when the defendants entered. He may have had the right of possession at the time Armstrong entered, and for aught that appears, this right may have ceased. 3 Bac. Abr. 256.

8. Our statute provides for three cases only: *First,* for a wrongful or illegal entry; *second,* a forcible one by actual force and violence; and *third,* a wrongful holding over of a tenant. The complaint does not charge the defendants with a wrongful or illegal or a forcible entry, or a wrongful holding over as tenants, but charges them with holding the possession with force. Now, our statute does not provide for a case where the entry may have been peaceable, (and, therefore, it is presumed to be lawful,) but a forcible refusal or holding over. In this our Act differs from the statutes of Indiana and Kentucky, as these Acts provide for a forcible holding over, although the entry may have been peaceable.

The charge, then, being for a forcible holding over, and not being brought within the cases provided for in the statute, the action does not lie, and the complaint is defective.

*O. Peters* also argued the case in behalf of the defendants in error.

The Opinion of the Court was delivered by

CATON, J.*   Ballance commenced a suit of forcible entry and detainer against the defendants before a justice of the peace of Peoria county, which was taken by appeal to the Circuit Court, where, on motion of the defendants, the cause was dismissed for want of jurisdiction, apparent on the face of the complaint.

The complaint shows, that one Armstrong, by means of false keys, &c., forcibly entered, where entry was not given by law, into a certain house, (describing it,) and forcibly kept the said complainant out of the possession of said house for some time, when he transferred the possession to the defendants, who have hitherto forcibly held possession, &c. The complaint further states, that Ballance had for years been in the quiet and peaceable possession of the premises, and that the defendants took the possession from Armstrong, with a full knowledge of the illegal manner in which it had been obtained.

The several cases in which an action for forcible entry and detainer may be sustained, have been so repeatedly laid down by the Court, and particularly in the case of *Whitaker* v. *Gautier*, (*ante*, 443,) decided at this term, that it is unnecessary here to repeat them. This complaint is manifestly insufficient to bring the case against Curtenius & Griswold, within any of the provisions of the statute. There is no pretence but that they obtained the possession peaceably, nor is it stated but that they were entitled by law to the possession of the premises, at the time they took possession. For aught that appears in this petition, they may have bought the land,

---

* PURPLE, J. having been of counsel, did not sit in this case.

while Armstrong was in possession, from the Government or some other rightful owner, or even from Ballance himself. Their legal right to enter upon and take possession of the house is not denied, nor is the propriety of their conduct even questioned by the complaint. All that is alleged against them is, that they took the possession when Armstrong yielded it up to them, they knowing at the time that he had obtained it wrongfully. Even admitting that they could be made wrong doers by relation, which we are not now prepared to admit, still it should affirmatively appear that they entered without right, and only under the wrong doer. Here it is not pretended, that the defendants knew anything of the forcible entry of Armstrong at the time it was made, or that they claim any benefits under it. This case, then, as before stated, is not brought within any of the provisions of the statute. It is not shown that the defendants entered into these premises when entry was not given by law, or that they made such entry by force, nor does it appear that they held the premises, after the expiration of a tenancy. The Court properly decided that the complaint was insufficient to give the justice jurisdiction. It also assigned for error, that the application of the plaintiff to amend his complaint was denied. Even admitting the right of the Circuit Court to grant such leave, still its refusal cannot be assigned for error. At most, it was a matter of discretion like the amendment of a declaration, or other pleading.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*